# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RALPH VARRATO, | : | |
| Plaintiff | : | Civil Action No. 1:11-cv-398 |
| v. | : | (Chief Judge Kane) |
| UNILIFE CORPORATION, et al., | : | |
| Defendants | : | |

## ORDER

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Plaintiff filed this civil action alleging defamation and breach of contract in the Court of Common Pleas of York County, Pennsylvania. (Doc. No. 1-3.) On March 1, 2011, Defendants filed notice of removal to this Court pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1446. (Doc. No. 1.) Defendants allege that this Court has diversity jurisdiction of this matter pursuant to 28 U.S.C. § 1332. (Id. ¶ 9.) A federal court has the obligation to address a question of subject matter jurisdiction sua sponte. See Emp's Ins. of Wausau v. Crown Cork & Seal Co., 905 F.2d 42, 45 (3d Cir. 1990). Further, the removal statute requires that "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). This statute enables "a district court to address the question of jurisdiction, even if the parties do not raise the issue." Liberty Mut. Ins. Co. v. Ward Trucking Corp., 48 F.3d 742, 750 (3d Cir. 1995). The Court is also cognizant of the principle that the parties may not confer jurisdiction by consent in removal or original jurisdiction cases. Id.

In support of their allegation that this Court has jurisdiction, Defendants allege that

1

Defendants all "reside" in Pennsylvania and that Plaintiff "resides" in Georgia. (Id. ¶¶ 3-8.) Of course, residence and citizenship are not synonymous.[1] Krasnov v. Dinan, 465 F.2d 1298, 1300 (3d Cir. 1972) ("Where one lives is prima facie evidence of domicile, but mere residency in a state is insufficient for purposes of diversity."). Moreover, in removal actions, the removing party bears the burden of proving the amount in controversy has been satisfied. Meritcare Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 222 (3d Cir. 1999) (citing Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3d Cir. 1985)). Defendants here, however, provide no indication regarding the amount in controversy beyond noting that the complaint alleges an amount in controversy that exceeds the jurisdictional minimum to avoid mandatory arbitration in the Court of Common Pleas of York County. In their motion, Defendants failed to state the amount in controversy required to avoid compulsory arbitration in the Court of Common Pleas of York County. However, a review of the rules of court of that jurisdiction appears to provide that the relevant amount in controversy is $50,000. York Cnty. L. R. Civ. P. 1301(a) (2009). The amount in controversy requirement to satisfy diversity jurisdiction is, of course, an amount exceeding $75,000. 28 U.S.C. § 1332(a)(1).

**ACCORDINGLY**, on this 8th day of March 2011, **IT IS HEREBY ORDERED THAT** the parties **SHALL** submit letter briefs not to exceed ten pages in length within ten days of the date of this order clarifying whether this Court has subject matter jurisdiction over the above-

---

[1] Even if an allegation of "residence" were sufficient to establish citizenship, the Court notes that removal is permissible only if no party in interest properly joined and served as a defendant is a citizen of the state in which the action is filed. 28 U.S.C. § 1441(b). However, the Third Circuit Court of Appeals has held that this rule is procedural not jurisdictional and may be waived if the non-removing party fails to raise it in a motion to remand filed within 30 days of the filing of the notice of removal. Korea Exch. Bank, N.Y. Branch v. Trackwise Sales Corp., 66 F.3d 46, 50-51 (3d Cir. 1995).

captioned case.

  S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania